# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL WILLIAM THOMAS,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:09-CV-00633-LRH-(VPC)

**ORDER**

Before the court are the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#28), respondents' second motion to dismiss (#29), petitioner's opposition (#35), and respondents' reply (#38). The court finds that six grounds for relief are procedurally defaulted, and the court grants the motion to dismiss.

In respondents' first motion to dismiss (#10), they argued that petitioner had not exhausted his available state-court remedies for grounds 1, 2, 5, 9, 10, and 12.[1] See 28 U.S.C. § 2254(b). The court agreed. The court granted petitioner's motion for stay and abeyance (#18), and the court stayed this action while petitioner returned to state court to exhaust those grounds.

Petitioner filed in state court his second post-conviction habeas corpus petition. Ex. 94 (#30). That court dismissed the petition because it was untimely pursuant to Nev. Rev. Stat. § 34.726 and successive pursuant to Nev. Rev. Stat. § 34.810. The court also noted that, based upon petitioner's admission, the grounds for relief were no different than what petitioner had already

---

[1] Respondents also argued that ground 14 was unexhausted and not addressable in federal habeas corpus, but the court already had dismissed ground 14. See Order (#3).

presented to the state courts. Ex. 106 (#31). Petitioner appealed. The Nevada Supreme Court affirmed. It held that the petition was untimely and successive pursuant to §§ 34.726 and 34.810. It also held that petitioner's claims were barred by the law of the case. Ex. 117 (#31).

This court then reopened the action upon petitioner's motion. Petitioner submitted an amended petition (#28). Other than omitting the already-dismissed ground 14, the amended petition (#28) is not significantly different from the original petition (#4). The second motion to dismiss (#29) followed.

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Carrier, 477 U.S. at 488.

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

Petitioner's argument goes back to the first motion to dismiss (#10). He argues that because he did not have access to the prison's law library, he agreed imprudently that the six grounds were unexhausted. The court disagrees for two reasons. First, respondents' first motion to dismiss (#10)

stated the law correctly. Respondents' exhibits also allowed petitioner to compare his first state post-conviction habeas corpus petition with his federal habeas corpus petition (#4). Petitioner had all the information that he needed to oppose the first motion to dismiss. Second, even without an opposition the court itself examined the record and determined that the six grounds were unexhausted. The court did not put that analysis into its order (#20) granting the first motion to dismiss because, with everyone agreeing that the six grounds were unexhausted, it was unnecessary.

The court also disagrees with petitioner's contention that the state courts themselves have ruled that the six grounds actually are exhausted. The Nevada Supreme Court ruled:

> Further, we note that this court has previously considered and rejected appellant's claims that counsel was ineffective for failing to file a pretrial petition for a writ of habeas corpus, counsel was ineffective for failing to request an independent psychological examination, appellant was entitled to a new trial based on newly discovered evidence, and he was denied due process as a result of false evidence presented at trial. Thomas v. State, Docket No. 50697 (Order of Affirmance, September 4, 2009). The doctrine of the law of the case prevents further litigation of these issues and cannot be avoided by a more detailed and precisely focused argument. Hall v. State, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Accordingly, the district court did not err in denying appellant's petition as procedurally barred.

Ex. 117, at 2 (#31). Petitioner did present to the state courts three of the above-mentioned claims as issues of federal law—ineffective assistance of counsel for failing to file a pretrial petition for a writ of habeas corpus, ineffective assistance of counsel for failing to request an independent psychological examination, and false evidence—but the facts alleged in state court differed from the facts alleged in federal court. Petitioner presented to the state courts the issue of newly discovered evidence solely as an issue of state law, which did not exhaust any issue of federal law. Regardless of what the state courts held subsequently, the six grounds at issue were not exhausted before coming to federal court, and the subsequent dismissal of the second state post-conviction habeas corpus petition as untimely and successive has procedurally defaulted those grounds.

Petitioner's other argument is a combination that he has suffered prejudice and that he is actually innocent. The court can excuse the application of a procedural bar if a constitutional error in the criminal proceedings "resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific

1  evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at
2  trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).  Petitioner can present such a claim "if all the
3  evidence, including new evidence, makes it 'more likely than not that no reasonable juror would
4  have found petitioner guilty beyond a reasonable doubt.'" Gandarela v. Johnson, 286 F.3d 1080,
5  1086 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327), cert. denied, 537 U.S. 1117 (2003).

6       First, petitioner argues that an examining nurse, Lily Clarkson, gave false testimony.  This is
7  the claim in the procedurally defaulted ground 12.  This argument is unpersuasive because the
8  excuse for a procedural default cannot itself be procedurally defaulted.  Edwards v. Carpenter, 529
9  U.S. 446, 452-53 (2000).

10      Second, petitioner argues that the prosecution withheld potentially exculpatory evidence, a
11 violation of the Due Process Clause of the Fourteenth Amendment pursuant to Brady v. Maryland,
12 373 U.S. 88 (1963).  This is an independent constitutional claim.  Petitioner raises it in ground 11,
13 and the court will consider it on its own merits.  The ground is not a demonstration of prejudice that
14 can excuse a procedural default.

15      Also before the court is petitioner's motion for judgment on remaining grounds (#36),
16 respondents' opposition (#37), and petitioner's reply (#39).  Petitioner argues unpersuasively that
17 respondents have not responded to grounds 3, 4, 6, 7, 8, 11, and 13, and thus the court should grant
18 petitioner relief on those grounds.  The court directed respondents "to answer or otherwise respond
19 to the amended petition." Order (#27).  That order includes the possibility that respondents might
20 move to dismiss some grounds without addressing the merits on the remaining grounds.
21 Respondents have complied with the court's order, and the court denies petitioner's motion (#36).

22      IT IS THEREFORE ORDERED that respondents' motion to dismiss (#29) is **GRANTED**.
23 Grounds 1, 2, 5, 9, 10, and 12 are **DISMISSED** with prejudice as procedurally defaulted.

24      IT IS FURTHER ORDERED that petitioner's motion for judgment on remaining grounds
25 (#36) is **DENIED**.

26 ///
27 ///
28 ///

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED this 21st day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE