# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DANIEL WILLIAM THOMAS,

    Petitioner,

vs.

JACK PALMER, et al.,

    Respondents.

Case No. 3:09-cv-00633-LRH-VPC

**ORDER**

    Before the court are the first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#28), respondents' answer (#41), and petitioner's reply (#42). The court finds that relief is not warranted, and the court denies the petition.

    After a jury trial in the Fifth Judicial District Court of the State of Nevada, Mineral County, petitioner was convicted of two counts of lewdness with a child under the age of 14 years. Ex. 36 (#12). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 54 (#13).

    Petitioner then filed in the state district court a proper-person post-conviction habeas corpus petition. Ex. 60 (#13). The state district court appointed counsel. Ex. 62 (#13). Post-conviction counsel filed a supplement. Ex. 65A (#22). The state district court denied the petition. Ex. 70 (#13). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 88 (#14).

    Petitioner then commenced this action. The court dismissed ground 14 because it alleged errors in the state post-conviction process, and such errors are not addressable in federal habeas corpus. Order (#3). Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability for the dismissal of ground 14.

1   In respondents' first motion to dismiss (#10), they argued that petitioner had not exhausted
2   his available state-court remedies for grounds 1, 2, 5, 9, 10, and 12.[1]  See 28 U.S.C. § 2254(b).  The
3   court agreed.  The court granted petitioner's motion for stay and abeyance (#18), and the court
4   stayed this action while petitioner returned to state court to exhaust those grounds.

5   Petitioner filed in state court his second post-conviction habeas corpus petition.  Ex. 94
6   (#30).  That court dismissed the petition because it was untimely pursuant to Nev. Rev. Stat.
7   § 34.726 and successive pursuant to Nev. Rev. Stat. § 34.810.  The court also noted that, based upon
8   petitioner's admission, the grounds for relief were no different than what petitioner had already
9   presented to the state courts.  Ex. 106 (#31).  Petitioner appealed.  The Nevada Supreme Court
10  affirmed.  It held that the petition was untimely and successive pursuant to §§ 34.726 and 34.810.  It
11  also held that petitioner's claims were barred by the law of the case.  Ex. 117 (#31).

12  This court then reopened the action upon petitioner's motion.  Petitioner submitted an
13  amended petition (#28).  Other than omitting the already-dismissed ground 14, the amended petition
14  (#28) is not significantly different from the original petition (#4).

15  Respondents filed a second motion to dismiss (#29), arguing that grounds 1, 2, 5, 9, 10, and
16  12 were procedurally defaulted.  The court agreed and dismissed those grounds.  Order (#40).
17  Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not
18  issue a certificate of appealability for the dismissal of these grounds.

19  The answer (#41) and the reply (#42) followed.

20  Congress has limited the circumstances in which a federal court can grant relief to a
21  petitioner who is in custody pursuant to a judgment of conviction of a state court.

22  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated
23  on the merits in State court proceedings unless the adjudication of the claim—

24  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
25
26
27
---
28   [1]Respondents also argued that ground 14 was unexhausted and not addressable in federal habeas corpus, but the court already had dismissed ground 14.  See Order (#3).

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 131 S. Ct. at 786.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id., at 786-87.

All the remaining grounds except ground 11 are claims of ineffective assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of

reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel per se, but rather a fair proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v. Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002). Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance. The petitioner must also show that the attorney's sub-par performance prejudiced the defense. Strickland, 466 U.S. at 691-92. There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S. Ct. 770, 788 (2011) (citations omitted).

///

In ground 3, petitioner argues that trial counsel provided ineffective assistance because he did not request an independent medical examination of the victims. On this issue, the Nevada Supreme Court held:

> Next, appellant claims that trial counsel was ineffective for failing to request an independent medical examination of the victims. Appellant does not indicate what evidence, if any, an independent medical examination would have revealed, nor does he cite any law indicating that he was entitled to an independent medical examination. "Contentions unsupported by specific argument or authority should be summarily rejected on appeal." Mazzan v. Warden, 116 Nev. 48, 75, 993 P.2d 25, 42 (2000). In addition, penetration is not an element of lewdness with a child under the age of 14. NRS 201.230. Thus, even if an independent medical examination revealed no evidence of vaginal penetration of either victim, this evidence would not be exculpatory in nature. Given the other overwhelming evidence presented against appellant, including his own admission that he inappropriately touched the victims, appellant has not demonstrated any reasonable probability of a different result at trial had counsel sought an independent medical examination. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Ex. 88, at 5-6 (#14). Petitioner did not raise this claim in his proper-person state habeas corpus petition. The supplemental state habeas corpus petition does raise the claim, but petitioner did not describe what the examination might have found; he just presented a conclusory claim that trial counsel should have requested the examination. Ex. 65A, at 13-14 (#22). Under these circumstances, the Nevada Supreme Court reasonably applied Strickland.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

In ground 4, petitioner argues that trial counsel provided ineffective assistance because trial counsel did not move to exclude petitioner's statement to an investigator from Washoe County. Petitioner never faced charges in Washoe County. His statement was introduced against him in his trial in Mineral County. On this issue, the Nevada Supreme Court held:

> Next, appellant claims that trial counsel was ineffective for failing to file a motion to exclude statements made to Detective Kelley Heydon of the Washoe County Sheriff's Office. After appellant was arraigned and appointed counsel in the Fifth Judicial District (Mineral County), he was interviewed by Detective Heydon regarding possible sexual abuse of the victims that occurred in Washoe County. In that interview, appellant stated that he "probably" had previously had inappropriate sexual contact with C.B. Because his attorney was not present at this interview, appellant contends that counsel was ineffective for failing to file a motion to exclude this statement. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. The Sixth Amendment right to the assistance of counsel is offense specific. See Texas v. Cobb, 532 U.S. 162, 167-68 (2001). While appellant had been appointed counsel in connection with the charged abuse in Mineral County, the interview with Detective Heydon, and appellant's subsequent confession, concerned other misconduct that occurred in Washoe County. Therefore, a motion to

> exclude the evidence would have had little likelihood of success on the merits. . . . Further, given appellant's other properly admitted confession to Sergeant David Cornell concerning the conduct at issue in Mineral County, appellant has failed to show a reasonable probability of a different result had his statements to Detective Heydon been excluded. Accordingly, the district court did not err in denying this claim without conducting an evidentiary hearing.

Ex. 88, at 6 (#14) (citation omitted). Petitioner does not dispute that the Sixth Amendment right to counsel is offense specific. Instead, he argues that the interview with the Washoe County investigator was not specific to Washoe County offenses. However, petitioner has provided no evidence in support of his argument. The court has reviewed the transcript of the hearing into the admissibility of prior-bad-act evidence. The court, the prosecutor, and the defense counsel all understood the Washoe County interview to be limited only to the Washoe County investigation. Ex. 26, at 121 (#11). The court also has reviewed the briefs that petitioner filed with the Nevada Supreme Court in his appeal from the denial of his state habeas corpus petition. See Ex. 80 (#14) (opening brief), Ex. 87 (reply brief) (#14). Petitioner made the same argument to the Nevada Supreme Court that he makes to this court. Again, he provided no evidence in support of his argument. The Nevada Supreme Court reasonably applied Strickland in its determination that petitioner did not suffer ineffective assistance of counsel.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

In ground 6, petitioner argues that he received ineffective assistance of counsel because counsel did not request a limiting instruction to be given to the jury at the time that evidence of petitioner's prior bad acts was admitted. On this issue, the Nevada Supreme Court held:

> Next, appellant argues that trial counsel was ineffective for failing to request a limiting instruction after certain bad act evidence was introduced. Specifically, appellant claims that a limiting instruction should have been introduced after Detective Heydon testified that appellant had confessed to inappropriately touching C.B. in connection with an investigation in Washoe County. Appellant also claims that a limiting instruction should have been introduced after testimony by Nurse Lily Clarkson indicated that C.B. presented vaginal injuries consistent with penetration. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. With respect to the testimony of Nurse Clarkson, it does not appear that a limiting instruction was necessary, as Nurse Clarkson's testimony, did not, in and of itself, implicate appellant. Regarding the testimony of Detective Heydon, a limiting instruction would have been appropriate immediately following Detective Heydon's testimony. See Tavares v. State, 117 Nev. 725, 733, 30 P.3d 1128, 1133 (2001). Even so, the jury received the appropriate limiting instruction at the close of evidence. This court has concluded that failure to give a contemporaneous limiting instruction is "harmless if the error did not have a substantial and injurious effect or

> influence the jury's verdict." Rhymes v. State, 121 Nev. 17, 24, 107 P.3d 1278, 1282 (2005). One factor to consider in this analysis is whether the jury was provided a proper limiting instruction prior to deliberation. Id. Given that the jury was provided with a proper limiting instruction prior to deliberation, as well as the overwhelming evidence presented against appellant, we conclude that the failure to give a contemporaneous limiting instruction was harmless. Accordingly, appellant has failed to demonstrate a reasonable probability of a different result had a contemporaneous limiting instruction been given. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Ex. 88, at 9-10 (#14). The issue underlying this ineffective-assistance claim, namely, the admission of prior-bad-act evidence and the instructions given, has not been clearly established to be a constitutional issue. Holley v. Yarborough, 568 F.3d 1091, 1101 (9th Cir. 2009). The Nevada Supreme Court has held, as a matter of state law, that when a prosecutor wishes to admit evidence of a defendant's prior bad acts, the prosecutor must request a limiting instruction to be given to the jury at the same time as the evidence is admitted. If the prosecution does not request the instruction, then the state district court must give the instruction on its own motion. Tavares v. State, 30 P.3d 1128, 1132-33 (Nev. 2001). The Nevada Supreme Court specifically stated that the defense has no obligation to ask for the instruction. Id. at 1132. Given that the admission of prior-bad-act evidence is a matter of state law, this court cannot second-guess the Nevada Supreme Court's determination that the lack of a limiting instruction at the time of admission of the prior-bad-act evidence was harmless error. Consequently, the Nevada Supreme Court reasonably applied Strickland in holding that petitioner did not receive ineffective assistance of counsel.[2]

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

///

///

---

[2] Counsel might have had strategic reasons for not asking for a limiting instruction to be given at the time the evidence was introduced. Counsel did not simply let the lack of a limiting instruction pass by. After the close of evidence, counsel moved for a mistrial based on the lack of a limiting instruction. Ex. 31, at 613 (#12). If counsel had succeeded with that motion, then the trial would have ended, petitioner still would have been free on bail, and there was no guarantee that he would be retried. On the other hand, if counsel had asked for a limiting instruction to be given at the time of admission of the prior-bad-act evidence, then counsel would have been correcting the prosecution's mistake. The jury still would have heard the evidence, and the trial would have continued.

In ground 7, petitioner argues that he received ineffective assistance of appellate counsel because appellate counsel[3] did not raise on appeal the lack of a limiting instruction at the time of admission of prior-bad-act evidence.[4] On this issue, the Nevada Supreme Court held:

> Appellant also argues that appellate counsel was ineffective for failing to raise the issue of the limiting instruction on direct appeal. Appellant has failed to demonstrate that appellate counsel's performance was deficient or that he was prejudiced. As indicated above, the district court's failure to give the limiting instruction was harmless. Accordingly, this issue would not have had a reasonable probability of success on appeal. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Ex. 88, at 10 (#14). Taking this claim and the accompanying claim of ineffective assistance of trial counsel together, the Nevada Supreme Court effectively made the same analysis of the underlying issue that it would have made on direct appeal. This court cannot second-guess the Nevada Supreme Court's determination that the error was harmless on a non-constitutional issue. Petitioner also has not demonstrated how the Nevada Supreme Court would have come to a different conclusion if he had raised the underlying issue on direct appeal. The Nevada Supreme Court reasonably applied Strickland.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

In ground 8, petitioner argues that trial counsel provided ineffective assistance because he did not investigate the background of his stepdaughters adequately. On this issue, the Nevada Supreme Court held:

> Next, appellant contends that trial counsel was ineffective for failing to adequately investigate the victims' backgrounds. Appellant alleges that trial counsel had information that the victims had not been truthful in prior instances, and that one of the victims wrote in her diary that "nobody" liked appellant, and that she hoped God would help her "get rid" of appellant, and that her "real father" would come back. Based on these statements, appellant argues that trial counsel should have performed additional investigation into the victims' backgrounds. We conclude that appellant failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced. At trial, counsel called multiple defense witnesses who testified that C.B. and T.B. were liars, or capable of lying. The diary

---

[3]Rick Lawton represented petitioner from arraignment through direct appeal.

[4]Respondents note correctly that the Fourteenth Amendment, not the Sixth Amendment, governs claims of ineffective assistance of appellate counsel. See Evitts v. Lucey, 469 U.S. 387 (1985); Douglas v. California, 372 U.S. 353 (1963).

excerpt was admitted at trial. Appellant has failed to indicate what evidence, if any, would have been revealed by further investigation into the victims' backgrounds. Further, given the other overwhelming evidence presented against appellant at trial, appellant has failed to demonstrate any reasonable probability of a different result had trial counsel performed additional investigation. Therefore, the district court did not err in denying this claim without conducting an evidentiary hearing.

Ex. 88, at 7 (#14). The court has reviewed the transcript of the trial, and the court agrees with respondents. Counsel did not perform deficiently because the evidence that petitioner argues counsel possessed was admitted at trial. Furthermore, a key component of petitioner's defense was that his stepdaughters were lying. Counsel brought out their past lies in cross-examination of prosecution witnesses, in direct examination of defense witnesses, and in closing argument. Anything else that counsel could have done would have been redundant and cumulative. The Nevada Supreme Court reasonably applied Strickland.

In the reply (#42), at pages 8-10, petitioner argues that the trial court should have held a trustworthiness hearing pursuant to Nev. Rev. Stat. § 51.385. This argument appears nowhere in the first amended petition (#28). A reply brief is not the proper method for presenting a new ground for relief, and the court will not consider it. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

Ground 13 is a cumulative-error claim of ineffective assistance of counsel. On this issue, the Nevada Supreme Court held:

> Finally, appellant argues that the cumulative effect of trial and appellate counsel's alleged errors indicates that he received ineffective assistance of counsel. Given the overwhelming evidence presented against appellant, including his own confession that he had inappropriate sexual contact with the victims, the jury's verdict was not rendered unreliable by the cumulative nature of any trial or appellate counsel's alleged errors. Therefore, the district court did not err in denying this claim.

Ex. 88, at 10-11 (#14). The Nevada Supreme Court having found no instances of ineffective assistance of counsel, it reasonably could have concluded that there was no cumulative effect of ineffective assistance of counsel. Ground 13 is without merit.

///

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

A recurrent argument in the first amended petition and the reply (#42) is that what the Nevada Supreme Court called "overwhelming evidence" against petitioner is his confession to two Mineral County Sheriff's deputies. Petitioner argues that there was no videotape, no audiotape, no written record of this confession, and that he did not confess. The deputies were cross-examined about the lack of a recording. Ultimately, it was up to the jury, not this court, whether to believe that petitioner had confessed to the crime.

In ground 11, petitioner claims that the prosecution violated the Constitution because it did not disclose evidence that could have impeached the prosecution's medical expert, Nurse Lily Clarkson. See Giglio v. United States, 405 U.S. 150 (1972), Brady v. Maryland, 373 U.S. 83 (1963). On this issue, the Nevada Supreme Court held, in relevant part:

> [This claim centers] around the testimony of Lily Clarkson, a member of the Child Abuse Report Examination (CARE) team at Northern Nevada Medical Center, who examined both of the victims. Nurse Clarkson testified at trial that C.B. presented injuries consistent with repeated vaginal penetration. Prior to appellant's trial in July of 2003, the State provided the defense with a copy of Nurse Clarkson's curriculum vitae (CV). The most recent "employment" entry stated that Nurse Clarkson worked for Planned Parenthood of Orlando from 1997 to 2000. The CV did not list Nurse Clarkson's current employer.
>
> Appellant now alleges that in 2001, Nurse Clarkson examined two minor victims in an unrelated case and concluded that both of the victims were missing hymenal tissue, indicating sexual abuse. In 2002, a different doctor examined the victims and concluded that both victims had intact hymens. Appellant claims that this "new evidence," as well as the State's failure to provide an updated CV for Nurse Clarkson indicate . . . that the State violated his due process rights pursuant to Brady. For the reason stated below, we disagree.

Ex. 88, at 11 (#14).

> [A]ppellant argues that the State's failure to provide him with a more recent copy of Nurse Clarkson's CV and the failure to inform him that Nurse Clarkson's conclusions in an unrelated case had been questioned resulted in a violation of his due process rights pursuant to Brady v. Maryland, 373 U.S. 83 (1963). To establish a Brady violation in a post-conviction petition, a petitioner must demonstrate that: "'the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material.'" State v. Bennett, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003) (quoting Mazzan v. Warden, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000)). Even if appellant were able to establish that the State withheld the alleged evidence related to Nurse Clarkson, he cannot establish that prejudice ensued. First, the fact that Nurse Clarkson's conclusions in an unrelated case were questioned does not necessarily indicate that she reached the wrong conclusion in this case. Second, . . . penetration is not an element of lewdness with a child under the age of fourteen. Thus, evidence that appellant did not

> penetrate C.B.'s vagina has little bearing on the question of whether he fondled her inappropriately. Finally, appellant's guilt was proven by other evidence, including his own admissions that he inappropriately touched the victims. Therefore, the district court did not err in denying this claim.

Ex. 88, at 14 (#14). The court agrees with respondents that this was a reasonable application of Brady. First, petitioner has not shown that Clarkson was consistently wrong in her examinations. Clarkson testified that she had conducted more than two hundred examinations. Ex. 28, at 55 (#12). She made an incorrect conclusion in one of those examinations. That is not evidence favorable to the accused. Second, penetration is not an element of lewdness with a child under the age of fourteen, and so an incorrect conclusion on penetration does not mean that petitioner did not touch C.B. inappropriately. See Nev. Rev. Stat. § 201.230.

    The Nevada Supreme Court did not determine whether the prosecution had withheld the evidence from petitioner. This court determines that the prosecution did not withhold the evidence. In his state habeas corpus proceedings, petitioner raised this ground in his supplemental petition, when represented by counsel. Ex. 65A, at 9-11. Exhibit 5 to that supplemental petition is a copy of a declaration by Rene Botello, who related how he learned that Clarkson had made incorrect conclusions in another case. Botello did not prepare that declaration for petitioner's state habeas corpus petition. He prepared the declaration for his own civil action in this court, Botello v. Gammick, Case No. 3:03-cv-00195-RLH-VPC. Botello commenced that action on April 14, 2003, claiming that the defendants retaliated against him because he complained about Clarkson's incorrect conclusions, and Clarkson's name was in the complaint. On April 16, 2003, the Reno Gazette-Journal published an article that summarized the allegations. It did not use Clarkson's name, but it did mention the organization for which she worked, Child Abuse Report Examination. Martha Bellisle, Suit contends child-abuse program led to sanctions, Reno Gazette-Journal, April 16, 2003, at C1. Clarkson testified in petitioner's trial on June 4, 2003, about a month and a half after commencement of Botello v. Gammick and publication of the newspaper article. The court cannot conclude that the prosecution was withholding or suppressing evidence of Clarkson's incorrect conclusions when that evidence was sitting in this court's docket and in the newspaper of general circulation of northern Nevada.

-11-

1  Reasonable jurists would not find this conclusion to be debatable or wrong, and the court
2  will not issue a certificate of appealability.
3  IT IS THEREFORE ORDERED that the first amended petition for a writ of habeas corpus
4  pursuant to 28 U.S.C. § 2254 (#28) is **DENIED**.  The clerk of the court shall enter judgment
5  accordingly.
6  IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
7  DATED this 20th day of November, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE